UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:08-cr-00085-RLH-PAL |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Remand into Federal Custody–#52; |
| GALEN FISHER, | ) | Motion to Vacate–#54; Motion for Leave to Proceed in Forma |
| Defendant. | ) | Pauperis–#55) |

Before the Court is Defendant Galen Fisher's **Motion to Remand into Federal Custody** (#52, filed Apr. 19, 2011). The Court has also considered Plaintiff United States of America's Opposition (#53, filed Apr. 29, 2011).

Also before the Court is Fisher's **Motion to Vacate Pursuant to 28 U.S.C. § 2255** (#54, filed May 6, 2011). The Court has also considered the United States' Opposition (#58, filed May 20, 2011), and Fisher's Reply (#59, filed June 6, 2011) and Supplement (#60, filed July 7, 2011).

Finally, before the Court is Fisher's **Motion for Leave to Proceed in Forma Pauperis** (#55, filed May 6, 2011). The United States did not reply.

///

1

AO 72
(Rev. 8/82)

**BACKGROUND**

On May 27, 2005, Fisher was convicted in the United States District Court for the District of New Jersey for being a felon in possession of a firearm. He was sentenced to 48 months of imprisonment, to be followed by three years of supervised release. After completing his custodial term and starting his supervised release in New Jersey, Fisher was placed in the jurisdiction of this Court to monitor the balance of his supervised release. On December 17, 2009, the Court held a hearing during which it found that Fisher violated conditions of his supervised released. The Court therefore revoked his supervised release and imposed a 24-month term of imprisonment without supervised release thereafter. The Court also granted Fisher's request that he be permitted to self-surrender to the U.S. Marshall on December 28, 2009, to commence his term. However, Fisher did not self-surrender but instead absconded. Then, on January 29, 2010, Fisher shot an individual in Las Vegas. He was subsequently arrested by local law enforcement and pled guilty to a felony charge of Battery with Use of a Deadly Weapon in Nevada state court. The Nevada state court imposed a sentence of 20 to 60 months imprisonment, to run concurrent with the 24-month federal sentence imposed by this Court. Fisher is presently in custody of the Nevada Department of Corrections.

Fisher has now filed a motion to remand into federal custody, requesting that this Court enter an order requiring NDOC to release him into federal custody so he may serve his federal sentence concurrent with the state sentence. On May 6, 2011, Fisher also filed a motion to vacate under 28 U.S.C. § 2255, requesting the Court to correct the length of his federal sentence. Finally, Fisher filed a motion for leave to proceed in forma pauperis. For the reasons discussed below, the Court denies all of Fisher's motions.

**DISCUSSION**

**I.      Motion to Remand into Federal Custody**

Fisher's motion asks the Court to order NDOC to release him into federal custody so he may serve his federal sentence concurrent with the state sentence. Fisher's motion does not

identify any authority, statutory or otherwise, on which he bases his motion, so the Court will discuss the two most likely possibilities. The first is 28 U.S.C. § 2255, which provides a mechanism for a prisoner to challenge a sentence imposed by a federal court. However, there is a one-year limitations period in which such petitions may be filed, 28 U.S.C. § 2255(f), and Fisher filed this motion well beyond that period. In addition, as just stated, § 2255 provides a mechanism for a prisoner to challenge the sentence of a court, not a mechanism to obtain a transfer of custody. Therefore, if Fisher is basing this motion on § 2255 it is denied.

Second, Rule 35 of the Federal Rules of Criminal Procedure allows a court to correct a sentence that results from "arithmetical, technical, or other clear error." However, Rule 35 requires that such a correction be made within fourteen days after sentencing, absent special circumstances (*i.e.*, where defendant provides substantial assistance in investigating or prosecuting another person). Because we are well beyond fourteen days after sentencing, and there is no claim that defendant provided substantial assistance to the government, Rule 35 is clearly inapplicable. Furthermore, even if Rule 35 were applicable, the Court finds that Fisher has not shown any valid ground on which the Court would correct his sentence. Accordingly, if Fisher is basing this motion on Rule 35 it is also denied. Therefore, the Court finds no legal basis, statutory or otherwise, on which it would grant Fisher's motion.

In addition, even if the Court had a legal basis upon which to act, it would not do so because Fisher is in the primary custody of NDOC and, as such, this Court cannot order that he be transferred into federal custody until NDOC first relinquishes its custody. *United States v. Warren*, 610 F.2d 680, 684 (9th Cir. 1980). Accordingly, the Court finds that there is no basis upon which to grant Fisher's motion. The Court, therefore, denies Fisher's motion to remand into federal custody.

///

///

///

**II.     Motion to Vacate Pursuant to 28 U.S.C. § 2255**

Section 2255 provides a mechanism for a prisoner to challenge the sentence imposed by a federal court on the grounds that the sentence was unconstitutional, exceeded the maximum authorized by law, or was imposed by a court lacking jurisdiction. 28 U.S.C. § 2255(a). As stated above, a one-year statute of limitations applies to all motions brought pursuant to § 2255. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of the date on which the judgment of conviction becomes final, the date on which the government stops impeding the defendant from filing the motion, the date on which the right asserted in the motion was initially recognized by the Supreme Court, or the date on which the defendant could have, by exercising due diligence, discovered the facts supporting his claims. 28 U.S.C. § 2255(f)(1)–(4).

In his § 2255 motion to vacate, Fisher claims that his 24-month revocation sentence was plainly unreasonable and in excess of the guideline range. He also claims ineffective assistance of counsel. However, Fisher's § 2255 motion fails because such motions must be filed within one-year from the date the judgment of conviction becomes final in order to be valid and Fisher filed his petition well beyond the one year period. 28 U.S.C. § 2255(f). Fisher argues that the limitations period should have commenced at some later date. Specifically, he argues that because he was no longer represented by legal counsel after he was sentenced by this Court, he was not able "to discover the exact error the court made in imposing a term in excess of the maximum authorized by law" until after he conducted legal research at the prison library. Fisher misconstrues the law. Although he may not have discovered the exact point of law on which he could assert his claims until some later date, he knew the facts supporting those claims from the time the sentence became final, if not prior to that. Therefore, the Court denies Fisher's motion as time-barred.

**III.    Fisher's Motion for Leave to Proceed In Forma Pauperis**

Fisher's in forma pauperis motion seeks approval from the Court to proceed with his § 2255 motion to vacate without having to pay a filing fee. However, there is no filing fee

required of a party filing a motion under § 2255.  *See* Advisory Committee Notes to Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  And even if there was a filing fee, the Court finds that his application fails because Fisher did not attach a certified trust fund account statement as required by Local Rule 1-2 of the Local Rules of Special Proceedings and Appeals.  In any event, the Court denies Fisher's motion.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Fisher's Motion to Remand into Federal Custody (#52) is DENIED.

IT IS FURTHER ORDERED that Fisher's Motion to Vacate under 28 U.S.C. § 2255 (#54) is DENIED.

IT IS FURTHER ORDERED that Fisher's Motion for Leave to Proceed In Forma Pauperis (#55) is DENIED.

Dated: July 11, 2011

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)