# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:08-cr-00085-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Application for Certificate of Appealability–#62) |
| GALEN FISHER, | |
| Defendant. | |

   Before the Court is Defendant Galen Fisher's **Application for Certificate of Appealability** (#62, filed July 26, 2011).

   On December 17, 2009, the Court found Fisher violated conditions of his supervised released and sentenced him to 24 months of imprisonment without supervised release thereafter. Fisher subsequently filed a motion to vacate that sentence under 28 U.S.C. § 2255. On July 11, 2011, the Court denied Fisher's motion.

   A party may appeal a district court's denial of a § 2255 motion only if the judge issues a certificate of appealability to the prisoner. 28 U.S.C. § 2253(c)(1). "If the court denies a certificate, a party may not appeal the denial [of the certificate] but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22." Rule 11(a) of the Rules

Governing Section 2255 Proceedings (2011). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the party seeking the certificate to show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003).

The Court denied Fisher's § 2255 motion because it was not filed within the one-year limitations period established for such motions. (Dkt. #61, Order); 28 U.S.C. § 2255(f). The Court imposed Fisher's 24-month sentence on December 17, 2009, and it became final on January 4, 2010, when the time to appeal the sentence expired. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *see* Fed. R. App. P. 4(b)(1)(A)(i). Fisher filed his motion on May 6, 2011, more than four months after the limitations period expired. In addition, there was no basis on which to find that the limitations period began to run later than January 2010 because Fisher knew of all the facts supporting his claims from the time he was sentenced. Accordingly, the Court finds that no reasonable jurists could disagree that Fisher's motion was time-barred and therefore properly denied.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Fisher's Motion for Certificate of Appealability (#62) is DENIED.

Dated: August 1, 2011

_____
**ROGER L. HUNT**
**United States District Judge**